# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SANDRA HARRIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CREDIT ONE FINANCIAL, )<br>NA.; DOES1-10, inclusive, )<br>)<br>Defendants. )<br>) | Civil Action No.<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. "Robocalls" are the #1 consumer complaint in America today.

2. In 2016, there were almost 4,000,000 complaint reported to the Federal Consumer Commission (FCC) and the Federal Trade Commission (FTC) concerning Robocalls – 3,875,627 to be exact.[1] In 2015 and 2014, the robocalls complaints reached 2,636,477 and 1,949,603, respectively.[2] Its is

---

[1] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 – September 30, 2016*, FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government- Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e.

[2] *National Do Not Call Registry Data Book FY 2015*, FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY*

important to recognize there merely reflect the number of the individuals that complained to these agencies; the number of people that have been victimized by robocalling abuse could be close to 100,000,000 in the last 3 years.

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

4. Plaintiff, SANDRA HARRIS, alleges Defendant, CREDIT ONE BANK, NA., robocalled her more than 400 times in a 3-month period in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Georgia Fair Business Practices Act, O.C.G.A § 10-1-391 *et seq*. ("FBPA").

---

*2014*, FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf.

5. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

6. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent illegal robocalls.

7. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

8. According to findings by the FCC—the agency Congress vested with

authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

9. Because this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural Person, and a citizen of the state of Georgia, residing in Lilburn County, Georgia.

12. The Plaintiff is a "consumer" as defined in the Georgia Statute by O.C.G.A. § 10-1-392(6).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

15. Defendant is a bank supervised by the Federal Deposit Insurance Corporation (FDIC) with its principal place of business in Las Vegas, Nevada and conducts business in the State of Georgia.

16. The debt that is the subject matter of this complaint is a "consumer transaction" as defined by O.C.G.A. § 10-1-392(10).

17. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (678) 992-3242.

18. The Plaintiff was the "called party" during each phone call subject to this lawsuit.

19. CREDIT ONE, N.A. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back-to-back days, with such frequency as can be reasonably expected to harass.

20. CREDIT ONE, N.A. is headquartered and has its corporate offices 585 Pilot Road, Las Vegas, NV 89119.

21. CREDIT ONE, N.A., a Nevada corporation, is not registered in the State of Georgia.

22. CREDIT ONE, N.A. has numerous clients, customers, and contacts within the Northern District of Georgia and regularly transacts business there.

23. The alleged debt belonged to the Plaintiff, arising out of a credit card transaction with the defendant on a credit card account that was primarily used for Ms. Harris's personal, family, or household purposes.

24. CREDIT ONE, N.A. is headquartered and has its corporate offices 585 Pilot Road, Las Vegas, NV 89119.

25. Over the year preceding the filing of this action, CREDIT ONE, N.A., its predecessors in interest and/or vendors have made numerous telephone calls to Plaintiff's cellular telephone number, (678) 992-3242, in an attempt to collect a debt on a credit card line of credit.

26. The calls originated from (678) 249-1278, (404) 609-2411, (210) 987-5777, (225) 960-6170, (312) 732-8417, (404) 609-2464, (678)-249-1278, (678) 666-0493, (678) 973-1122, (706) 524-0212, (706) 524-0953, (706) 524-0996, which are all numbers which CREDIT ONE, N.A. owns, controls, and makes calls from.

27. Calls became so numerous that Ms. Harris would occasionally turn her phone off so as not to be interrupted during daily tasks.

28. On April 18, 2017, Ms. Harris, after a particularly lengthy phone call with a CREDIT ONE, N.A. representative, informed CREDIT ONE, N.A. to stop

calling her and demanded Defendant stop calling her aforementioned telephone number. (Aff. Harris)

29. Calls continued at the rate of at least three (3) or four (4) per day. *Id*.

30. On some days, calls reached as many as ten (10) calls per day. Id.

31. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

32. Defendant made at least one call to (678) 992-3242. (Ex. B)

33. Defendant made at least one call to (678) 992-3242 using an "automatic telephone dialing system" (ATDS). (Ex. B)

34. Defendant made at least ten (10) calls to (678) 992-3242. (Ex. B)

35. Defendant made at least ten (10) calls to (678) 992-3242 using an ATDS. (Ex. B)

36. Defendant made at least ten (100) calls to (678) 992-3242. (Ex. B)

37. Defendant made at least ten (100) calls to (678) 992-3242 using an ATDS. (Ex. B)

38. Defendant made at least ten (200) calls to (678) 992-3242. (Ex. B)

39. Defendant made at least ten (200) calls to (678) 992-3242 using an ATDS. (Ex. B)

40. Defendant made at least ten (250) calls to (678) 992-3242. (Ex. B)

41. Defendant made at least ten (250) calls to (678) 992-3242 using an ATDS.

(Ex. B)

42. Defendant made at least ten (300) calls to (678) 992-3242. (Ex. B)

43. Defendant made at least ten (300) calls to (678) 992-3242 using an ATDS. (Ex. B)

44. Defendant made at least ten (350) calls to (678) 992-3242. (Ex. B)

45. Defendant made at least ten (350) calls to (678) 992-3242 using an ATDS. (Ex. B)

46. Defendant made at least ten (400) calls to (678) 992-3242. (Ex. B)

47. Defendant made at least ten (400) calls to (678) 992-3242 using an ATDS. (Ex. B)

48. Defendant made at least ten (450) calls to (678) 992-3242. (Ex. B)

49. Defendant made at least ten (450) calls to (678) 992-3242 using an ATDS. (Ex. B)

50. Defendant made at least ten (500) calls to (678) 992-3242. (Ex. B)

51. Defendant made at least ten (500) calls to (678) 992-3242 using an ATDS. (Ex. B)

52. Each call Defendant made to (678) 992-3242 in the last four years was made using an ATDS.

53. Each call the Defendant made to Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

54. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

55. Furthermore, many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

56. Defendant has stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS.

57. Plaintiff repeatedly requested the Defendant to stop calling his cell phone, however, the Defendant continued to make calls.

58. Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

59. Defendant has recorded at least one conversation with the Plaintiff.

60. Defendant has recorded numerous conversations with the Plaintiff.

61. Defendant has made approximately Four Hundred (400) calls to Plaintiff's telephone number (678) 992-3242 from April 2017 until today, which will be established exactly once Defendant turns over their dialer records.

62. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

63. Defendant has been sued in federal court where the allegations include:

calling an individual using an ATDS after the individual asked for the calls to stop.

64. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

65. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

66. Defendant's phone calls harmed Plaintiff by wasting her time.

67. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

68. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CREDIT ONE BANK, N.A., to remove the number.

69. CREDIT ONE BANK, N.A.'s corporate policy is structured so as to

continue to call individuals like Plaintiff, despite these individuals explaining to CREDIT ONE BANK, N.A. they do not wish to be called.

70. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 412 times since 2017 (Attached hereto as Exhibit "A").

71. In the last 3 years, the Defendant has had 949 complaints reported to the Better Business Bureau (BBB), of which 680 of those complaints are classified as being related to "Billing/Collection Issues."[3]

72. CREDIT ONE BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

73. Not one of CREDIT ONE BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

74. CREDIT ONE BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

75. Each and every call placed without express consent by CREDIT ONE, N.A. BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

---

[3] https://www.bbb.org/southern-nevada/business-reviews/credit-cards-and-plans/credit-one-bank-in-las-vegas-nv-48541/reviews-and-complaints

76. Each and every call placed without express consent by CREDIT ONE, N.A. BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

77. CREDIT ONE, N.A.'s call center(s) and dialing infrastructure have the capacity to store a database of telephone numbers.

78. CREDIT ONE, N.A.'s call center(s) and dialing infrastructure have the capacity to dial telephone numbers from a stored list either at random or in some sequence.

79. CREDIT ONE, N.A. has continued calling Plaintiff and other consumers' cellular telephone numbers using a predictive dialer and leaving unattended and prerecorded messages after requests to cease calling despite the Eleventh Circuit's recent ruling in Osorio v. State Farm Bank, FSB, 746 F. 3d 1242 (11th Cir. 2014).

80. The telephone calls were not initiated by accident or mistake.

81. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while

ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels.  All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
## VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 27 U.S.C. § 227 *et seq.*

82. Plaintiff incorporates by reference all of the above paragraphs of this complaint as the fully stated therein.

83. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to being called by them using an ATDS or pre- recorded voice.

84. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to being called by them using an ATDS or pre-recorded voice.

85. Defendant, CREDIT ONE BANK, N.A., repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

86. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA and $1,500.00 in damages for teach intentional violation.

87. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, CREDIT ONE, N.A., from violating the TCPA in the future.

## COUNT II
## VIOLATIONS OF
## THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-391, *et seq.*

88. The Plaintiff incorporates by all reference all of the above paragraphs of this complaint as the fully stated therein.

89. The Plaintiff is a "consumer" as a term is defined by O.C.G.A. § 10-1-392(6).

90. The Plaintiff incurred debt as a result of engaging into "[c]onsumer transactions" as a term is defined by O.C.G.A. § 10-1-392(10).

91. The Defendant used unfair or deceptive acts to collect the debt incurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

92. The Plaintiff suffered mental anguish, emotional distress and in an amount to be proven at trial.

93. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act buy under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so treble and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## TRIAL BY JURY DEMAND ON ALL COUNTS

Dated: 08/18/2017

    Respectfully submitted,

        /s/ David A. Prado
        By: David A. Prado Esq.
        Attorney Bar No.
        Attorney for Plaintiff: Sandra Harris
        MacPherson & Prado, LP.
        2265 Roswell Road, Suite 100
        Marietta, GA 30062
        OFFICE: (470) 353-8870
        MOBILE: (770) 597-3269
        E-mail: Dprado@GeorgiaCollectionDefense.com

        /s/ Andrew MacPherson
        By: Andrew MacPherson, Esq.
        Attorney Bar No.
        Attorney for Plaintiff: Sandra Harris
        MacPherson & Prado, LP.
        2265 Roswell Road, Suite 100
        Marietta, GA 30062
        OFFICE: (470) 353-8870
        MOBILE: (770) 597-3269

E-mail: Dprado@GeorgiaCollectionDefense.com