IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANDRA HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE FINANCIAL, INC., CREDIT ONE BANK, N.A.; DOES 1-10, inclusive,<br><br>Defendants. | : | CIVIL ACTION NO.<br>1:17-CV-3144-LMM |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Vacate Arbitration Award [19], and Plaintiff's Motion to Amend its Motion to Vacate Arbitration Award [21]. After due consideration, the Court enters the following Order:

## I. BACKGROUND

Plaintiff Sandra Harris first sued in this Court on August 18, 2017, alleging that Defendant Credit One Bank ("Credit One") excessively "robocalled" her in violation of the Telephone Consumer Protection Act ("TCPA") and the Georgia Fair Business Practices Act ("FBPA"). Dkt. No. [1] ¶ 4. On October 20, 2017, Plaintiff moved to stay her case pending arbitration, and the Court granted that Motion. Dkt. Nos. [16], [17].

The arbitrator issued a final award on Plaintiff's claim on May 31, 2019, denying the requests for relief by all parties. See Dkt. No. [19-1]. In particular, the arbitrator rejected Plaintiff's claims under the TCPA and FBPA, and he rejected Credit One's request for attorneys' fees and expenses. See id. at 3. The arbitrator disposed of Plaintiff's TCPA claim on a threshold issue, finding that Plaintiff had "originally given consent to be called" under her credit card agreement with Credit One, and that, even if she could orally withdraw her consent (a disputed issue), "it [wa]s impossible to tell with any degree of certainty either the month or the day that she gave an unequivocal directive to stop the calls." See id. at 2; see also id. at 3 ("[T]he total lack of certainty on Ms. Harris' part as to when [oral revocation] occurred, together with the equivocation and conflicts in her testimony, make an award under the TCPA inappropriate."). The arbitrator also rejected Plaintiff's FBPA claim, finding the FBPA "inapplicable to matters covered by the TCPA." Id. (citing Eason v. Covington Credit, 2017 WL 4564282 (N.D. Ga. 2017)). And the arbitrator denied Credit One's request for attorney's fees because he found Plaintiff's claims neither "frivolous" nor "vexatious." Id.

Plaintiff moved to vacate the arbitrator's award in this Court on July 18, 2019. Dkt. No. [19]. Soon after, on July 23, 3019, counsel for Credit One claims she called Plaintiff's counsel to tell him that the July 18 Motion to Vacate relied on Eleventh Circuit law that has since been overruled by the Supreme Court and subsequent Eleventh Circuit cases. See Dkt. Nos. [22] at 2, 5; [27-1] (producing a July 23 email from Credit One's counsel to Plaintiff's counsel). On July 31, 2019,

Plaintiff filed a Motion to Amend and Supplement her original Motion to Vacate. Dkt. No. [21]. Credit One contests both motions. See Dkt. Nos. [22], [24].[1]

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") mandates that a district court must confirm an arbitration award unless it is "vacated, modified or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10 of the FAA specifies the following grounds for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Section 10 of the FAA provides the exclusive grounds for vacatur of arbitration awards. Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 583 (2008). Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation. Wilko v. Swan, 346 U.S. 427 (1953).

[1] Credit One does not argue that the Court should refuse to allow amendment of the original Motion to Vacate, but rather, it contests the grounds for vacatur presented in the Motion to Amend. See Dkt. No. [24]. The Court will also address those grounds, treating the Motion to Amend as an amendment to the original motion.

Judicial review of arbitration awards is "narrowly limited." Gianelli Money Purchase Plan and Tr. v. ADM Inv'r Servs., Inc., 146 F.3d 1309, 1312 (11th Cir. 1998) (citing Davis v. Prudential Sec. Inc., 59 F.3d 1186, 1188 (11th Cir. 1995)). There is a presumption under the FAA that arbitration awards will be confirmed, and that federal courts should defer to an arbitrator's decision whenever possible. Dorward v. Macy's Inc., 588 F. App'x 951, 953 (11th Cir. 2014) (citing Frazier v. CitiFinancial Corp., 604 F.3d 1313, 1321 (11th Cir. 2010)). "Arbitrators do not act as junior varsity courts where subsequent appellate review is readily available to the losing party." Dorward, 588 F. App'x at 953 (quoting Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842-43 (11th Cir. 2011)).

## III. DISCUSSION

Plaintiff asks this Court to vacate the arbitrator's award on two grounds: (1) the arbitrator's award showed "manifest disregard of the law"; and (2) the arbitrator "exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject was not made." See Dkt. No. [19] (citing 9 U.S.C. § 10(a)(4); Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461 (11th Cir. 1997)). Credit One contests both grounds: It points out that "manifest disregard of the law" has been overruled by the Supreme Court and recent Eleventh Circuit cases as a reason for vacatur. See Dkt. No. [22]. Credit One also argues that the arbitrator's award was proper, and that Plaintiff's Motion to Amend improperly faults the arbitrator for failing to apply a Georgia

criminal statute, O.C.G.A. § 16-11-39.1(a). See Dkt. No. [24].[2] The Court agrees with Credit One that Plaintiff has not presented valid grounds to vacate the arbitrator's award.

### A. Plaintiff's first Motion to Vacate and "manifest disregard"

Plaintiff's first Motion to Vacate relies almost exclusively on precedent that has been overruled by the Supreme Court and by the Eleventh Circuit. See Dkt. No. [19]. To be sure, Plaintiff advances a flurry of arguments about the inadequacy of the arbitrator's award, but each falls under a heading that attacks the arbitrator's "manifest disregard" of law: "This Court Should Vacate The Final Award Because The Arbitrator Engaged In A Manifest Disregard Of The Applicable Law"; "The Arbitrator Committed Manifest Disregard of the Law When He Ignored Multiple Dates of Revocation by Ms. Harris"; "The Arbitrator Committed Manifest Disregard of the Law When He Ignored Georgia Law on Harassing Communications of Revocation by Ms. Harris." Dkt. No. [19] at 5, 10, 13. Plaintiff also extensively cites Eleventh Circuit precedent applying the "manifest disregard" standard, precedent that antedates the Supreme Court's 2008 decision in Hall Street, which rejected the standard applied in those cases.

---

[2] Credit One has also moved for sanctions. See Dkt. No. [26]. It says that defense counsel asked Plaintiff's counsel to withdraw his original motion, which relied on bad law, but that her request fell on deaf ears. Dkt. No. [26-1] at 4. Instead, Plaintiff filed a Motion to Amend her Motion to Vacate, discarding the original grounds for vacatur (the bad law) and instead arguing that the arbitrator erred when it failed to apply a Georgia criminal statute. See id. at 4–5. Credit one seeks sanctions in the amount of fees incurred in responding to Plaintiff's "two baseless and objectively unreasonable motions." Id. at 5. The Court will address Plaintiff's Motion when the parties have fully briefed it.

See, e.g., Dkt. No. [19] at 6–7 (citing Montes, 128 F.3d at 1461, 1464 (a 1997 case); Univ. Commons-Urbana, Ltd. v. Universal Constructors, Inc., 304 F.3d 1331, 1337 (11th Cir. 2002); Peebles v. Merrill Lynch, 431 F.3d 1320, 1326 (11th Cir. 2005); B.L. Harbert Int'l v. Hercules Steel Co., 441, F.3d 905, 910 (11th Cir. 2006)).

As Credit One points out, "manifest disregard" has been rejected by the Supreme Court and the Eleventh Circuit as a basis for vacating an arbitrator's award. See Dkt No. [22] at 2 (citing S. Commc'ns Servs., Inc. v. Thomas, 720 F.3d 1352, 1358 (11th Cir. 2013) ("In light of the [Supreme] Court's decision in Hall Street, we held that the 'judicially-created bases for vacatur' that we had formerly recognized, such as where an arbitrator behaves in manifest disregard of the law, 'are no longer valid.'" (citing Frazier, 604 F.3d at 1324)). Given that "manifest disregard" is no longer a basis for vacatur, the Court rejects Plaintiff's arguments that rely on that standard.

Plaintiff's tries to recast its arguments in its Reply:

> Defense counsel would have the Court believe Ms. Harris is requesting vacatur based on the arbitrator's manifest disregard of the law. In fact, Ms. Harris is requesting this court vacate this Arbitration "award" on the grounds established by the US Congress enacting the Federal Arbitration Act 9 U.S.C. § 10(a)(4) and enforced by the US Supreme Court.

Dkt. No. [25] at 2. Given that Plaintiff's Motion to Vacate centered on the "manifest disregard" basis for vacatur, this argument is not true. But Plaintiff here at least arguably appeals to the fourth statutory basis for vacatur: "where the

arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Plaintiff does at one point in its Motion to Vacate tangentially refer to the "imperfectly executed" provision. See Dkt. No. [19] at 7. But even then, Plaintiff misapplies the provision. Plaintiff quotes the Second Circuit's holding in Stolt-Nielsen (a case where the Second Circuit upheld the arbitration panel's decision) that an award may be vacated where the arbitrator "willfully flouted the law by refusing to apply it." Id. (citing Stolt-Nielsen SA v. AnimalFeeds Int'l Corp., 548 F.3d 85 (2d Cir. 2008)). But the "willfully flouted" standard was the Second Circuit's elaboration on the *manifest-disregard* standard. See Stolt-Nielsen, 548 F.3d at 93. As discussed, the Eleventh Circuit has rejected that standard explicitly.

Further, in her Reply Plaintiff construes her original brief as relying on the Supreme Court's language in Stolt-Nielsen that "[i]t is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." See Dkt. No. [25] at 3 (citing Stolt-Nielsen, 559 U.S. at 671.).[3] This attempt to salvage her initial Motion fails.

---

[3] In fact, Plaintiff never quotes this language from the Supreme Court's decision Stolt-Nielsen in her Motion to Vacate, but rather, she cites similar language from the Eleventh Circuit's decision in Interstate Brands Corp. v. Local 441 Retail, 39 F.3d 1159, 1162 (11th Cir. 1994). Still, that decision is binding on this Court, and the Supreme Court has since interpreted the same "industrial justice" language. This Court will address the argument in the interest of thoroughness.

Plaintiff has offered no argument that shows the arbitrator dispensed "his own brand of industrial justice." The Supreme Court described this test as "a high hurdle. It is not enough for petitioners to show that the panel committed an error—or even a serious error." Stolt-Nielsen, 559 U.S. at 671. The degree of error required to find imperfect execution occurs when an arbitrator refuses "to interpret and enforce a contract" and instead "make[s] public policy." Id. at 672. Here, the arbitrator's decision was plainly an interpretation of the parties' contract. As Plaintiff acknowledges, the arbitrator's decision rested on the question whether Plaintiff withdrew her contractual consent. Dkt. No. [19-1]. That Plaintiff disagrees with the arbitrator's findings of fact does not make his decision "an error—or even a serious error." See Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013) ("An arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits.") (internal citations omitted); Johnson v. Directory Assistants Inc., 797 F.3d 1294, 1302 (11th Cir. 2015) ("Because . . . these rulings were derived from the contract, the arbitrator's actions did not exceed the scope of his power."); Davis v. Prudential Securities, Inc., 59 F.3d 1186, 1190 (11th Cir. 1995) ("The FAA presumes that arbitration awards will be confirmed . . . .").

### B. Plaintiff's Motion to Amend Motion to Vacate and O.C.G.A. § 16-11-39.1(a)

Plaintiff's Motion to Amend her Motion to Vacate also fails to raise legitimate grounds to vacate the arbitrator's award.[4] See Dkt. No. [21]. Most of Plaintiff's Motion to Amend is lifted verbatim from Plaintiff's original Motion to Vacate, but the headings and language referring to "manifest disregard" have been swapped with "imperfectly executed," an apparent reference to 9 U.S.C. § 10(a)(4). For the reasons already discussed, Plaintiff's disagreement with the arbitrator's findings do not overcome the "high hurdle" of showing that the arbitrator dispensed "his own brand of industrial justice." This Court cannot unwind arbitration decisions deriving their authority from a valid contract. See Frazier, 604 F.3d at 1321 ("There is a presumption under the FAA that arbitration contracts will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'" (citing B.L. Harbert Int'l, 441 F.3d at 909)). The arbitrator rested his decision on the impossibility of determining a date on which Ms. Harris revoked her consent to be called. See Dkt. No. [19-1]. In so deciding, the arbitrator applied the parties' credit card agreement by its terms. See Oxford Health Plans, 569 U.S. at 569 ("So the sole question for us is whether the

[4] Defendants oppose Plaintiff's attempt to amend her Motion. See Dkt. No. [24]. Since their opposition attacks the merits of Plaintiff's arguments for vacatur (the substance of the Motion to Amend), the Court also addresses those arguments. The Court will allow Plaintiff to amend her Motion, but denies Plaintiff the relief she seeks in her Motion to Amend.

arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.").

Finally, Plaintiff raises in her Motion to Amend an argument that the arbitrator erred by failing to address the argument she raised in her post-hearing brief that "all calls made to her were illegal in light of OCGA § 16-11-39.1(a)." See Dkt. No. [21]. Plaintiff points to this statute to argue that Credit One's calls breached the parties' contract, which provided that Credit One could call Plaintiff "for any lawful purpose." Dkt. No. [25] at 4. But O.C.G.A. § 16-11-39.1(a), a criminal statute, does not vest Plaintiff with a cause of action. Even if it were the appropriate lens through which to view the legality of Credit One's calls, the proper interpretation and application of the parties' credit agreement was for the arbitrator to decide, and he did so within the scope of his authority.

## IV. CONCLUSION

For the above stated reasons, Plaintiff's Petition to Vacate Arbitration Award [19] is **DENIED**. Plaintiff's Motion to Amend and Supplement [21] is **GRANTED** in part and **DENIED** in part: the Court will allow Plaintiff to amend her Motion but denies any relief she seeks in her Motion to Amend.

**IT IS SO ORDERED** this 4th day of October, 2019.

**Leigh Martin May**
**United States District Judge**